UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      Case No.:   2:19-cv-728-FtM-60MRM

APPROXIMATELY $126,880 IN UNITED
STATES CURRENCY,

    Defendant.
_____/

## OMNIBUS REPORT AND RECOMENDATION

Before the Undersigned are:  (1) purported claimants Quenita Mara Harris' and Lorenzo Brown's (collectively, the "Claimants") Motion to Dismiss Verified Complaint for Forfeiture *In Rem* for Failure to State a Claim Upon Which Relief can be Granted (Doc. 13); (2) the United States' Motion to Strike Motion to Dismiss (Doc. 14); (3) the Claimants' Response to United States' Motion to Strike Claimants' Motion to Dismiss (Doc. 15); (4) the United States' Motion for Leave to File Reply (Doc. 16); (5) the Claimants' Statement of Right or Interest (Doc. 17); and (6) the United States' Motion to Strike Statements of Right or Interest (Doc. 18).  Given the interrelated nature of these filings, the Court will address each filing where appropriate in this Omnibus Report and Recommendation.

For the reasons below, the Undersigned respectfully **RECOMMENDS**:  (1) the United States' Motion for Leave to File Reply (Doc. 16) be **GRANTED**, *nunc pro tunc*, and the Court construe the Motion as a reply; (2) the United States' Motion to Strike Statements of Right or Interest (Doc. 18) be **GRANTED**; (3) the Claimants' Statements of Right or Interest (Doc. 17) be **STRICKEN**, **with leave to file an amended claim**; (4) the United States' Motion to Strike

Motion to Dismiss (Doc. 14) be **GRANTED**; and (5) Claimants' Motion to Dismiss (Doc. 13) be **STRICKEN and terminated without prejudice**.

## BACKGROUND

This is a civil action *in rem* pursuant to 21 U.S.C. § 881(a)(6). On May 23, 2019, law enforcement officers seized $126,880 from a car that Harris was driving and in which Brown was a passenger. (Doc. 14 at 1). According to the Government's Complaint, Brown initially claimed ownership of the money but later claimed the currency belonged to Harris. (Doc. 1 at 5). Harris told officers she was the owner of the currency, which she had acquired through saving her wages and borrowing from different individuals. (*Id.* at 7). Now, both Harris and Brown claim an interest in the property.

The Government filed a Complaint seeking forfeiture on October 2, 2019. (Doc. 1). On October 13, 2019, Claimants moved to dismiss (Doc. 13). The Government then moved to strike Claimants' Motion, arguing Harris and Brown both lacked standing to file the Motion. (*See* Doc. 14 at 3). The reason Harris and Brown lack standing, the Government argues, is that they did not file a claim under the appropriate procedural rules asserting an interest in the seized property. (*See id.*).

The Claimants insist they filed a claim and have standing to file their Motion to Dismiss. In support thereof, they file the purported claims as Exhibits One and Two in their Response to the Government's Motion to Strike. (Doc. 15 at 3, 4). The Government then sought leave to reply, arguing the procedural insufficiency of Brown's and Harris' purported claims. (Doc. 18). To cure the procedural deficiency, Claimants then filed their respective Statement[s] of Right or Interest (Doc. 17 at 1, 3), which the Government argues are also deficient and moves to strike (Doc. 18).

2

The matter is ripe for review.

## LEGAL STANDARD

The Government correctly asserts that Harris and Brown may not move to dismiss the Complaint without first having standing. To challenge a forfeiture action, a claimant must have both Article III standing and statutory standing. *United States v. $38,000.00 Dollars in U.S. Currency*, 816 F.2d 1538, 1544 (11th Cir. 1987). Supplemental Rule G of the Federal Rules of Civil Procedure governs "a forfeiture action in rem arising from a federal statute."[1] Rule G(5)(a)(i) provides the mechanism by which "[a] person who asserts an interest in the defendant property may contest the forfeiture," namely "filing a claim in the court where the action is pending." In other words, to prove statutory standing, a claimant must satisfy the standards in 18 U.S.C. § 983(a)(2)(C) and Rule G(5). *See United States v. $12,126.00 in U.S. Currency*, 337 F. App'x.[2] 818, 819-820 (11th Cir. 2009). Moreover, Rule G(8)(b)(i) makes clear "[a] claimant *who establishes standing* to contest forfeiture may move to dismiss the action under Rule 12(b)." (Emphasis added).

Here, Claimants originally filed their CAFRA Seized Asset Claim Forms. (Doc. 15 at 3, 4). The Government argued that "[w]hat movants filed were claims in an administrative forfeiture proceeding" and that "[t]hose claims are no substitute for the claim required by Rule

---

[1] *See* 18 U.S.C. § 983(a)(4)(A) ("In any case in which the Government files in the appropriate United States district court a complaint for forfeiture of property, any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims.").

[2] Unpublished opinions may be cited as persuasive on a particular point. The Undersigned does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

G(5)."  (Doc. 16 at 2-3).  Claimants then, seemingly agreeing with the Government, filed their Statements of Right or Interest (Doc. 17) in this Court.  It is these re-filed claims that the Government argues are deficient.

## DISCUSSION

The Government seeks to strike Claimants' Statements of Right or Interest (Doc. 17) under Rule G(8)(c)(i)(A)(B).  The Government argues that Harris and Brown have failed to plead specifically their interest in the money and their "bald assertion of ownership is not sufficient to confer statutory standing to assert an interest in the property."  (Doc. 18 at 9).  Thus, the Government asks the Court to either:  (1) "strike the claims file [sic] by Brown and Harris"; or (2) "[i]n the alternative, the Court should require Brown and Harris to amend their claims to include additional facts which support their claims to the defendant currency."  (*Id*.).

Supplemental Rule G(5) does not specify the detail a claimant must include to satisfy Supp. Rule G(5)(a)(i)'s requirements.  That said, Supplemental Rule G(1) states "[t]o the extent that this rule does not address an issue . . . the Federal Rules of Civil Procedure also apply."  "Because a claim of interest is a form of pleading, Rule 8 of the Federal Rules of Civil procedure controls except to the extent that it is inconsistent with Supplemental Rule G(5)(a)."  *United States v. $304,050.00 in U.S. Currency*, No. 2:12-cv-138-FtM-29SPC, 2012 WL 4953126, at *2 (M.D. Fla. Oct. 17, 2012).  Given that there is no such inconsistency, "a claim of interest must comply with Fed. R. Civ. P. 8."  *Id*.

Fed. R. Civ. P. 8(a)(2) requires that a pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief."  The Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), clarified that while detailed factual allegations are not required, a party must plead sufficient facts which accepted as true state a facially plausible

4

claim. A pleading "that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *$304,050.00 in U.S. Currency*, 2012 WL 4953126, at * 2 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In addition, courts within the Middle and Southern Districts of Florida have held conclusory assertions of ownership, without more, are not sufficient to assert a claim under Rule G(5). *See*, *e.g.*, *United States v. $67,500 in U.S. Currency*, No. 8:11-cv-2751-T-17AEP, 2012 WL 1372186, at *1 (M.D. Fla. Apr. 16, 2012) ("[Claimant's] blanket assertion that he is the owner of the property does not sufficiently identify his interest in the property."); *United States v. $334,200.00 in U.S. Currency*, No. 00-1183-CIV, 2000 WL 34612066, at *2 (S.D. Fla. Aug. 11, 2000) ("Merely asserting ownership over the currency is insufficient to establish standing.").

Here, both Brown and Harris merely assert that they are "the owner of the currency jointly" with each other. (Doc. 17 at 1, 3). The Claimants offer no additional facts beyond the date and location where the Government seized the money. Without more, the Court cannot determine whether Claimants have a legitimate interest in the property and, therefore, their claims are deficient. As a result, because Claimants have failed to file a claim satisfying Supp. Rule G(5)'s and Fed. R. Civ. P. 8's requirements, they lack standing and cannot move to dismiss.

Even so, the Eleventh Circuit has recognized forfeiture is a harsh penalty, especially when a procedural error determines the outcome. *See United States v. $125,938.62*, 370 F.3d 1325, 1329 (11th Cir. 2004). For that reason, "amendments should be liberally permitted to add verifications to claims originally lacking them" provided the amendments do not undermine the goals underlying the time restriction and verification requirements of Supplemental Rule G. *Id.* Here, because the claims of interest are both purportedly verified and timely—and because the

5

Government does not object—granting Harris and Brown leave to amend would not undermine such goals.

## CONCLUSION

Based upon the foregoing, the Undersigned finds and recommends that Harris and Brown lack statutory standing at this time to file their Motion to Dismiss (Doc. 13). They must file a claim which contains more than a mere assertion of possession or ownership and the claim must comply with Supplemental Rule G(5)'s and Fed. R. Civ. P. 8's requirements. Because the Government would suffer no prejudice from permitting Claimants to amend, the Undersigned finds and recommends that Harris and Brown should be allowed to amend their claims.

Accordingly, the Undersigned respectfully **RECOMMENDS** that:

1. The United States' Motion for Leave to File Reply (Doc. 16) be **GRANTED**, *nunc pro tunc*, and the Court construe the Motion as a reply.

2. The United States' Motion to Strike Statements of Right or Interest (Doc. 18) be **GRANTED**.

3. Lorenzo Brown's Statement of Right or Interest and Quenita Mara Harris' Statement of Right or Interest (Doc. 17) be **STRICKEN**, **with leave to file an amended claim** and Claimants be allowed to file an amended claim that complies with this Report and Recommendation **by a deadline certain to be set by the presiding District Judge**.

4. The United States' Motion to Strike Motion to Dismiss (Doc. 14) be **GRANTED**.

5. Claimants' Motion to Dismiss Verified Complaint for Forfeiture *In Rem* for Failure to State a Claim Upon Which Relief can be Granted (Doc. 13) be **STRICKEN and terminated without prejudice** to Claimants' ability to renew

6

their Motion **thirty days after they file their amended claims** consistent with this Report and Recommendation.

**RESPECTUFLLY RECOMMENDED** in Chambers in Fort Myers, Florida on January 7, 2019.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties