UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v.                               Case No.:   2:19-cv-728-FtM-JLBMRM

$126,880 IN U.S. CURRENCY,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

Before the Court is the United States of America's Consent Motion for Judgment of Forfeiture.  (Doc. 51).  The United States filed the above-styled civil action, pursuant to 21 U.S.C. § 881(a)(6), seeking the civil forfeiture *in rem* of the named defendant currency as connected with or proceeds of illegal drug activity in violation of 21 U.S.C. § 801 *et seq*.  (*See* Doc. 1 at 3).  The United States sent direct notice via certified mail to Quenita Harris and Lorenzo Brown, the only claimants who have made an appearance and filed a claim herein.  (*See* Doc. 17).  The government also filed a Declaration of Publication reflecting that notice of the forfeiture was posted on an official government internet website (www.forfeiture.gov) for at least thirty consecutive days pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure.  (Doc. 21).

The government now moves this Court for the entry of a consent judgment and final order of forfeiture on the basis that Harris and Brown have forfeited any right, title, and interest to $106,880 of the seized funds.  (*See* Doc. 51-1 at 2).  Brown and Harris, through their attorney, initially filed amended statements of rights or interest in the seized funds (Doc. 38) and moved to dismiss the government's Complaint (Doc. 39).  The Court denied the motion to dismiss and

ordered Brown and Harris to answer the Complaint.  (Doc. 50).  Instead of an answer, however, the parties executed a Stipulated Settlement Agreement.  (Doc. 51-1)  Now, Brown and Harris agree to forfeit any interest they may have had in $106,880 of the seized funds in exchange for the United States returning $20,000 to Claimants.  (*Id*. at 2).

Ordinarily, the United States would need to prove it had probable cause to believe the currency it seized from Brown and Harris was used or was intended to be used in an unlawful manner.  *U.S. v. $14,500 in U.S. Currency*, 767 F. Supp. 1123, 1126 (M.D. Fla. 1991) (citing 21 U.S.C. § 881(a)(6)).  After the government demonstrates probable cause, the burden of proof would shift to Brown and Harris to establish by a preponderance of the evidence that the currency was not subject to forfeiture.  *Id*. (citing *U.S. v. A Single Family Residence*, 803 F.2d 625, 629 (11th Cir. 1986)).

Here, instead of arguing the merits of the case, Harris and Brown "without admitting any of the allegations contained in the Verified Complaint, consent to the entry of an order forfeiting their right, title, and interest in $106,880.00 of the Defendant Funds."  (Doc. 51-1 at 2).  In exchange, the United States "agrees to return $20,000.00" to Brown and Harris, subject to any offset from delinquent tax and non-tax debts owed to the United States or other applicable debts.  (*Id*. at 2, 3).  Furthermore, Brown and Harris release any and all claims they may have against the United States or state and local law enforcement in connection to the United States' seizure of the funds.  (*Id*. at 2).

The Undersigned finds that the United States has furnished due and legal notice of this proceeding as required by statute.  (*See* Docs. 17, 21).  The Undersigned further notes that no other potential claimants to the defendant currency have appeared, and the time for asserting such interest has expired.  Therefore, considering the parties' Stipulated Settlement Agreement

and finding no just reason for delay in disposition of this matter, the Undersigned recommends that the United States' Motion (Doc. 51) is due to be granted.

## CONCLUSION

Based upon the foregoing, the Undersigned **RESPECTFULLY RECOMMENDS** that:

1. The Consent Motion for Judgment of Forfeiture (Doc. 51) be **GRANTED** subject to the terms of the parties' Stipulated Settlement Agreement (Doc. 51-1).

2. That the defendant $106,880 in U.S. Currency be forfeited to the United States of America, pursuant to 21 U.S.C. § 881(a)(6).

3. The United States be **DIRECTED** to return $20,000 to the Claimants, collectively, subject to any offset and condition described in the Stipulated Settlement Agreement.

4. All parties be responsible for their own costs and attorneys' fees incurred in this proceeding as set forth in the Stipulated Settlement Agreement. (Doc. 51-1 at 2).

5. The Court issue a certificate of reasonable cause to the United States of America in this action, in accordance with 28 U.S.C. § 2465, for the $20,000 returned to Claimants.

**RESPECTFULLY RECOMMENDED** in Chambers in Ft. Myers, Florida on June 23, 2020.

_____

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties